IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ISAAC MATTHEWS § | |
|     TDCJ-CID #1640750 § | C.A. NO. C-12-115 |
| v. § | |
| § | (Consolidated with C.A. NO. C-12-122) |
| M. JONES, ET AL. § | |

## OPINION AND ORDER OF DISMISSAL

This is a civil rights action filed by a Texas state prisoner pursuant to 42 U.S.C. § 1983.

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 10 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee, or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam) (citations omitted). Plaintiff's *pro se* complaint must be read indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Applying these standards, plaintiff's claims regarding the loss of his property and the failure to investigate his grievance are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331. Upon consent of plaintiff, (D.E. 9), this action was referred to a United States

Magistrate Judge to conduct all further pleadings, including entry of final judgment. (D.E. 10); see also 28 U.S.C. § 636(c).

## II. FACTUAL ALLEGATIONS

Plaintiff Isaac Matthews is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), and is currently incarcerated at the Walls Unit in Huntsville, Texas. He filed this action on April 19, 2012, alleging, inter alia, that defendants destroyed his property and that they failed to properly investigate his grievances. (D.E. 1). He named as defendants: (1) Officer M. Jones; (2) Warden R. Pawelek; and (3) J.M. Garcia.

Plaintiff also filed a second action naming the same three defendants with the same allegations in which he attached copies of his grievances with the complaint. Matthews v. Jones, C-12-122 (S.D. Tex.). On April 27, 2012, that action was consolidated into this action. A Spears[1] hearing was conducted on May 10, 2012. The following allegations were made in plaintiff's original complaint, (D.E. 1), plaintiff's complaint in Matthews v. Jones, C-12-122 (S.D. Tex.), or at the hearing.

In May 2010, while confined at the Newton County Jail, plaintiff received notice that he would be entering the TDCJ-CID. While still at the jail, he had his personal property weighed and determined that it would cost $4.87 to mail it to his home in Houston, Texas.

On May 25, 2010, plaintiff arrived at the Garza West Unit where Officer Jones was working as the intake officer. At that time, he had twelve postage stamps, which he notes was more than enough to pay for sending his personal items home. He requested that Officer Jones mail his personal property to his Houston address, but Officer Jones refused indicating that all of

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

his property, except his jewelry, would be destroyed. He asserts that a new wallet, sunglasses, a cell phone, and a cell phone case, worth approximately $300 were all destroyed.

On May 26, 2010, plaintiff filed a Step 1 grievance, No. 2010166094, complaining that his property had been destroyed, despite the fact that he had enough money in his trust fund account to mail the property to his Houston address and had requested that it be sent. In a response dated July 5, 2010, Warden Pawelek denied this grievance: "Investigation reveals Offender Matthews requested his watch, ring, and necklace be mailed to Jacqueline Lindsay [at the Houston address]. Offender Matthews elected to have the other property destroyed. No further action warranted." On July 12, 2010, plaintiff filed a Step 2 grievance, No. 2010166094, appealing the denial. In a response dated July 28, 2010, defendant Garcia denied his Step 2 appeal finding that his complaint had been addressed appropriately in the Step 1 response. He further indicated that there was no evidence of staff misconduct and that plaintiff's property had been handled properly pursuant to Administrative Directive 03.72.

In the complaint, plaintiff seeks a declaratory judgment that his rights were violated, an injunction, and monetary damages.

### III.  DISCUSSION

Plaintiff contends that his constitutional rights were violated when Officer Jones destroyed his personal property. He also claims that his grievances concerning his destroyed property were not investigated adequately.

**A.** **The Legal Standard For Screening Inmate Civil Rights Actions.**

Plaintiff's action may be dismissed for failure to state a claim upon which relief can be granted despite his failure to exhaust administrative remedies. 42 U.S.C. § 1997e(c)(2). It is well established that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted). The complaint must be liberally construed in favor of the prisoner, and the truth of all pleaded facts must be assumed. Id. (citation omitted).

**B.** **Plaintiff Failed To State A Claim Regarding His Lost Property.**

Plaintiff alleges that a new wallet, sunglasses, a cell phone, and a cell phone case were destroyed by Officer Jones. He valued the destroyed property at about $300.

Assuming as true that plaintiff has suffered a monetary loss from the destruction of his property, he fails to state a constitutional violation because an adequate post-deprivation remedy for deprivation of property under color of law eliminates any due process claim under § 1983, regardless of whether the deprivation is negligent or intentional. See Parratt v. Taylor, 451 U.S. 527, 543 (1981); Hudson v. Palmer, 468 U.S. 517, 534-35 (1984). Under the Parratt/Hudson doctrine, a district court may dismiss a loss of property claim and require the plaintiff to pursue state remedies. A plaintiff may then pursue a claim under § 1983 only after those remedies are

denied on grounds other than the merits of the claim.  See Thompson v. Steele, 709 F.2d 381, 383 (5th Cir. 1983) (citation omitted).  The burden is on the inmate to show that the post-deprivation remedy is inadequate.  See Myers v. Klevenhagan, 97 F.3d 91, 94 (5th Cir. 1996).

Texas law allows recovery of monetary damages for loss of property that has been taken without authorization.  See Murphy v. Collins, 26 F.3d 541, 543 (5th Cir. 1994) ("the tort of conversion fulfills this requirement"); see also Beam v. Voss, 568 S.W.2d 413, 420-21 (Tex. Civ. App.) (conversion is "[t]he unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another, to the exclusion of, or inconsistent with the owner's rights").  In addition, state law specifically provides that inmates may recover up to $500 on a claim that the TDCJ lost or damaged personal property.  Tex. Gov't Code § 501.007.

Plaintiff testified that he did not institute an action for conversion in state court concerning his lost property.  More importantly, he has not alleged any inadequacy in the remedies available to him under Texas law.  See Parratt, 451 U.S. at 544 ("The remedies provided could have fully compensated the respondent for the property loss he suffered, and we hold that they are sufficient to satisfy the requirements of due process.").  Therefore, to the extent plaintiff is complaining of a loss of property, he has failed to state a claim upon which relief can be granted, and this claim is dismissed without prejudice.

**C.      Plaintiff Failed To State A Claim Regarding The Investigation Of Grievances.**

Plaintiff claims that defendants Pawelek and Garcia failed to investigate properly his grievances concerning his lost property .  The Supreme Court has held that a prisoner has a liberty interest only in "freedom from restraint which, ... imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner,

515 U.S. 472, 484 (1995).  The Fifth Circuit has relied on Sandin to find that a prisoner has no federally protected liberty interest in having his prison grievances investigated or answered favorably.  See Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005); see also Beall v. Johnson, 54 F. App'x 796, 2002 WL 31845615, at *1 (5th Cir. Dec. 12, 2002) (per curiam) (unpublished) (prisoner's allegation that he has a constitutionally protected right to have his grievance investigated and resolved is without merit because resolution of the grievance does not involve a "significant hardship ... in relation to the ordinary incidents of prison life.") (citing Sandin, 515 U.S. at 485-86); Taylor v. Cockrell, 92 F. App'x 77, 78 (5th Cir. 2004) (per curiam) (unpublished) (same).  Accordingly, plaintiff's claims alleging that defendants did not investigate his grievances properly are dismissed for failure to state a claim.

## IV.  CONCLUSION

For the reasons stated above, plaintiff's property claim against Officer Jones is dismissed without prejudice and his claims against defendants Pawelek and Garcia for failure to properly investigate his grievances are dismissed for failure to state a claim or as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

ORDERED this 17th day of May 2012.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE